UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                          Chapter 13

**Miriam Goldstein,**                                                  Case No.: 14-22018-rdd

                        Debtor.
---------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 362(d)(1) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Upon the motion, by notice of presentment dated December 22, 2014 (the "Motion"), of Miriam Goldstein, the debtor in the above-captioned Chapter 13 case (the "Debtor"), by and through her attorneys, Garvey, Tirelli & Cushner, Ltd., pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), for entry of an order modifying the automatic stay in effect under Section 362(a) of the Bankruptcy Code to allow the Debtor to proceed with the prepetition appeal to the Appellate Division of the Supreme Court of the State of New York, Second Department, from the Decision and Order (the "Order") of the Honorable Robert M. Berliner, entered on September 23, 2013 in the Supreme Court of the State of New York, County of Rockland in Mortgage Electronic Registration Systems, Inc., as nominee for Greenpoint Mortgage Funding, Inc. v Menachem Korolizky, Miriam Goldstein and Board of Managers of the Stysly Lane Condominium, Index No. 9630/05 (the "State Court Action); and due and proper notice of the Motion having been made on all necessary parties; and there being no opposition to the Motion; and no additional notice or a hearing being required; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing for the requested relief, it is hereby

      **ORDERED** that the Motion is granted as provided herein; and it is further

1

**ORDERED** that the automatic stay imposed in this case by Section 362(a) of the Bankruptcy Code is vacated under section 362(d)(1) of the Bankruptcy Code for the limited purpose of allowing (a) the Debtor to proceed with the prepetition appeal from the Order in the State Court Action to the Appellate Division of the Supreme Court of the State of New York, Second Department, and (b) any opposition to such appeal, through a final decision on such appeal. In all other respects, including, without limitation, enforcement of the Order, the automatic stay under Section 362(a) of the Bankruptcy Code remains in full force and effect.

**Dated**: White Plains, New York
January 8, 2015

      /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE
HONORABLE ROBERT D. DRAIN